■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK RIVERA, Appellant. [617 NYS2d 834] —Application by the appellant pro se for a writ of error coram nobis to vacate a decision and order on motion of this Court, dated January 4, 1990, which dismissed an appeal from a judgment of the Supreme Court, Kings County, rendered July 7, 1986, for lack of prosecution.

Ordered that the application is granted, the decision and order on motion dated January 4, 1990, is recalled and vacated, and the appeal is reinstated.

By judgment of the Supreme Court, Kings County (Egitto, J.), rendered July 7, 1986, the defendant was convicted of murder in the second degree and was sentenced to 25 years to life imprisonment. Retained trial counsel served and filed a

timely notice of appeal, which specifically recited that it was not to be deemed a notice of appearance on the appeal by that counsel. Thereafter, according to the defendant, his family and friends retained attorney William M. Kunstler to perfect the appeal, and on or about April 3, 1987, attorneys Ronald L. Kuby and William M. Kunstler moved in this Court for an enlargement of time "in which the appellant's brief must be filed". The affidavit of Ronald L. Kuby in support of the motion recited that he was "one of the attorneys for the appellant herein" and that he had been retained by the friends of the appellant on March 9, 1987, but that "[c]ounsel have been unable to complete the necessary review of the record on appeal during the past twenty-four days". Kuby said that the transcript of the proceedings had been paid for, but was not complete, and sought an enlargement of time up to and including July 3, 1987, inasmuch as "[i]t is not possible *to perfect an appeal in this matter* without the complete transcript and a reasonable opportunity to review the same" (emphasis supplied). Attached to the motion papers was a purported notice of appearance by Kunstler and Kuby, indicating that they were appearing in this Court "for appellant in the above-entitled matter". By order of this Court dated May 11, 1987, the motion for an enlargement was granted, without opposition, and the defendant's time to perfect his appeal was extended to July 3, 1987.

In June 1987 a second application was made by Kunstler and Kuby, attorneys for appellant herein, for an enlargement of time "in which appellant's brief must be filed". The attorneys claimed that this further enlargement was necessary because they had only just received the remainder of the trial minutes. The affirmation of Kunstler in support of the motion stated that "[i]t has not been possible for counsel to review said minutes, much less prepare appellant's brief, in the past 13 days * * * In light of the fact that counsel has had the complete trial record for less than two weeks, it is respectfully requested that a time enlargement of at least ninety days should be granted *to insure defendant effective assistance of counsel on appeal"* (emphasis supplied). That motion, too, was granted.

It was followed, in December 1987 by a third motion by Kunstler and Kuby on behalf of the defendant for the same relief, this time on the ground that the attorneys were preparing a collateral attack on the judgment, pursuant to CPL 440.10. Further enlargements were then sought and granted throughout 1988, based on the pendency of the motion pursu-

ant to CPL article 440. By order dated February 22, 1989, the defendant was given a final enlargement of time to perfect his appeal, until March 24, 1989. The appeal was not perfected by that date. The defendant's motion under CPL 440.10 was denied by the trial court on May 9, 1989.

In November 1989 the District Attorney of Kings County moved to dismiss the defendant's appeal for failure to prosecute. Kunstler submitted an affidavit in opposition to the motion, in which he stated that he had never been retained to prosecute the appeal, but merely to prepare the motion pursuant to CPL article 440, and that he had moved to enlarge the time to perfect the appeal only because of the pendency of that motion. He stated that he was opposing the motion to dismiss the appeal only because the defendant "apparently" had no appellate counsel, and to point out that the People could not possibly be prejudiced by a further enlargement. Thus, after many representations to this Court that he was one of the attorneys for the defendant on this appeal, and after obtaining several enlargements of time in order to perfect this appeal, Kunstler failed to perfect the appeal, and then informed this Court that he had never intended to do so. While there is some evidence that the defendant may have understood that Kunstler and Kuby were not going to perfect the direct appeal, we find that evidence equivocal at best, in light of the number of representations made to this Court to the contrary. Therefore, we find that defendant has been denied the effective assistance of counsel on his appeal, and we direct that his appeal be reinstated. Mangano, P. J., Sullivan, Friedmann and Goldstein, JJ., concur.